Your Honors, again, Pentair respectfully submits that this is a case that stood out from others, first in terms of the merits on the issue of infringement of Claim 46. The Court basically found that there was no adequate pre-filing investigation with respect to Hayward's original in fact, a stainless steel tube sheet. It was pointed out during the course of discovery in the case that that wasn't true. We asked Hayward to drop that claim. They persisted. Claim 46 was litigated throughout Expert Discovery and the summary judgment briefing. Towards the end, in summary judgment, Hayward shifted its theories. Hayward didn't seek leave to amend its contentions. It argued that, well, Pentair's carbon steel functions as intended. Clearly, the Supreme Court sent a message that district courts should not be second-guessed every time they award fees and that we should be more flexible with respect to our review and the nature of our review. There was a whole series of cases where we remanded because the octane standard had not been applied. Having said that, once the district court applies the octane standard and does so in at least a thoughtful way, as the Court did here, I think the message is also that we're not supposed to second-guess district courts who deny fees. Your Honor, I understand your position. We think here it's a case where if you look at the totality of the circumstances that octane tells the litigants to do and tells the court to do, we feel, for example, on the... But octane doesn't tell us to do that. It tells the district court to do that. It tells us to review that for abuse of discretion. And you're not arguing... I mean, you're trying to argue abuse of discretion, but really you're just arguing the various factors and telling us to weigh them differently. And I don't see how we can do that under octane. And if I just may respond briefly, Your Honor, with respect to infringement, for example, the Court quoted the objective baselessness standard, and that's no longer the standard. And we had cited a number of post-octane precedents where failure to conduct a pre-filing investigation and shifting theories was enough to make the case stand out. And on the written description issue, the Court found the defense to be essentially compelling on the claims it invalidated. But the Court wasn't completely thrilled with all of your litigation strategy and activities. And why isn't the Court allowed to consider that in its totality of the circumstances analysis? The Court is permitted to consider that, Your Honor. But when the big picture is looked at, I'd like to just note the reasons why the district court seemed to back off from its summary judgment findings when it made its fee findings, okay? For example, the court... It doesn't matter if you're right about that, because the district court still has the discretion to award fees or not award fees at the end of the day. And it expressly held that Pentair's own manner of litigating weighs against an exceptional case finding. I don't understand why you're here. I really see this appeal as very close to frivolous. Well, Your Honor, in terms of Pentair's conduct, look at precisely what the Court castigated us for, and we think unfairly. The Court said, well, Pentair didn't move for sanctions, and that's a factor. That's true. Sanctions would have only added to an already overburdened record in court in this case. And Octane specifically said that sanctionable conduct is not the benchmark. No, that's not what the Court said. Right after the sentence I read you, the Court goes through and explains that in the attorney's fees motion, you tried to make this look like a very, very simple issue, and that that's why Hayward never should have brought this case. But it said that you yourself litigated it in a very complex manner, filing five separate summary judgment motions going into complex detail, saying particularly complex in the way you treated them. You want me to go behind the District Court on that sort of fact-finding on a discretionary issue, and you're telling this Court on appeal that we should overturn that sort of fact-finding on a discretionary issue? Your Honor, if I could submit that where the District Court applied the wrong standards, yes, it's an abuse of discretion, but this Court can look under GAMAR, its precedent from last summer, as to whether the proper standard was in fact applied by the Court. Of course we can, but in this particular case, this is a very careful step-by-step analysis that the District Court applied. And even on the question of the strength of your litigating position, as we just discussed, this is a difficult analysis when you're talking about a disclaimer for purposes of written description. It would have been a lot easier analysis if you said that their position was wrong on claim construction. But you never argued that, either below or here. Your Honor, we couldn't argue it here, because it wasn't argued below, obviously. But in terms of, say, for example, multiple summary judgment motions, that's because the record was right for them. And we won on substantially everything. We won on every claim that was asserted against us on the substantive merits. We won on limiting the pre-suit damages. You may have won on every claim that was asserted against you, but the District Court goes through and shows how you lost on a lot of particular arguments. That a lot of the arguments you made weren't strong, even though there might have been one strong argument for each claim. You, by virtue of taking a larger approach, which nobody could blame you. In a litigation, you've got to zealously defend your client and raise every position that you think is at all reasonable. But the court said that that added to the unnecessary complexity of the case, and that you lost on lots of those little issues. And, Your Honor, on that point, losing means, in most instances, an issue of fact was found for trial. We tried to limit, for example, pre-suit damages based on latches, because there wasn't... Yes, but under your logic, we won on every claim, then every winner of every case has an exceptional case on their hands. The fact that you actually won, eventually, on at least one issue on every claim, and therefore prevailed, makes you the prevailing party. It doesn't make this an exceptional case. And the District Court thoughtfully and thoroughly went through the reasons why not. Okay, and Your Honor, so in response, we've got the Claim 46 non-infringed, and the court found that Hayward had shifted its theories and other cases and didn't do a proper... But we're not just talking about Claim 46. I mean, if this was just about Claim 46, you might have gotten fees, and you might be on the other side up here now. But this is the whole case, and we looked at the whole case, and frankly, we just heard the last of him. The description and claim construction stuff is very complicated, and you did win, but the way it went about is kind of a very unusual way. I don't find it very useful for you to single out Claim 46 as making this exceptional, because this case wasn't just about Claim 46. I agree, Your Honor, and I was about to go on to other issues beyond that, but at this point, I've used up most of my preliminary allotted time, and unless the court has further questions on my direct, I'll save a few. No, thank you, Mr. Boland. Thank you. Thank you, Your Honors. We believe that the district court did engage in an exercise of its discretion below in denying the fee request and that there was no abuse of discretion. Hayward, at the outset of the case, had a reasonable basis to believe that it had an infringement claim, and that's proven by the fact that the district court found infringement of Claim 47 by all of the accused products and infringement of Claim 43 by some of the accused products. Hayward also was entitled to rely upon the presumption of validity in thinking that its patent would survive validity challenges, and indeed, Hayward had more than that because Pentair put the case into ex parte re-exam, the patent, and the patent came out with those same claims that are asserted here all affirmed after the ex parte process. So that adds to the soundness, we believe, of Hayward pursuing this case on both infringement and validity grounds. And so we believe the court correctly exercised its discretion under the octane fitness standard, which it explicitly referenced in a footnote, to deny the fee request here. If you look at the totality of the circumstances, notwithstanding some of the issues that Mr. Boland raised, the court found there was actually aggressive behavior on both sides. There were things that perhaps were zealous taken to an extreme, but they kind of balanced each other out, and they did not make the case exceptional. Patent cases are often hard fought. There were a bunch of tricky issues in this case, and in the event Hayward did prevail on a number of issues in the case, it prevailed on its claim construction positions, it got dismissal of the inequitable conduct claim, it prevailed in the ex parte re-exam, it defeated Pentair's motion to stay proceedings pending the ex parte re-exam, and it proved infringement of Claim 47 on the undisputed facts. And the Hayward litigation positions, we believe, were appropriate and did not meet the exceptional standard. The basic arguments that Pentair made about an improper settlement position or using this case as leverage simply don't bear weight. Hayward was within its rights to bring this suit, and it was actually Pentair's doing that kicked it out of North Carolina to Los Angeles, so we had a bi-coastal war. That wasn't our idea, that wasn't their idea, but we had it litigated where the court said it would be litigated after they had filed their declaratory judgment action out there. So we believe, Your Honor, that Hayward's litigation conduct was on the whole not exceptional, and that there was certainly some behavior by Pentair that the court cited as complicating the case as well, so it was a proper exercise of discretion. The briefs, but not this argument, also mentioned Section 1927 and inherent powers, and on those we respectfully submit that's a higher bar for Pentair to meet, and since it didn't meet the exceptional case, according to the district court and the exercise of its discretion, it could not meet that higher bar, which requires some kind of finding of bad faith. So with those remarks, Your Honor, I'll conclude my argument there unless you have any further questions. No. Thank you, Mr. Bromberg. Mr. Poland? Unless the court has any further questions, we'll rest.